UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERMYKAEL JENKINS, SR.,

    Petitioner,

v.                                       Case No.: 2:19-cv-418-FtM-38MRM

STATE OF FLORIDA, CHRISTINE
CUMMINS, BRUCE E. KYLE and
CAPTAIN ROGERS,

    Respondents.
_____/

### **OPINION AND ORDER**[1]

Before the Court is Petitioner Shermykael Jenkins Sr.'s ("Jenkins") Amended[2] Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed on January 2, 2020. (Doc. 22). Jenkins instituted this habeas proceeding on June 21, 2019, as pretrial detainee being held in the Lee County Jail in Fort Myers, Florida. (Doc. 1). Jenkins challenges his arrest and pending state charges in case number 19-CF-15620 on two grounds. (Doc. 22). First, he argues he is falsely imprisoned as a pretrial detainee on frivolous charges. (*Id.* at 1-2, 6). Second, he maintains law enforcement's search of his person and subsequent arrest violated his Fourth Amendment. (*Id.*). For these reasons, he says the state court improperly denied him bail. Jenkins concedes he has not sought relief in the state court on any of the grounds raised in his Amended Petition. (*Id.* at 2-3).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] On December 23, 2019, the Court ordered Petitioner to file an amended petition on an approved § 2241 form prescribed the Local Rules. (Doc. 20).

As a state pretrial detainee, Petitioner may challenge his confinement as unconstitutional under 28 U.S.C. § 2241. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitioners . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). However, habeas corpus relief under § 2241 is available to a pretrial detainee only if he has first exhausted his state court remedies. *See Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring). Remedies are not considered exhausted if any state procedures remain available to a petitioner. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973). In particular, the petitioner is required to pursue "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To circumvent the exhaustion requirement, a petitioner must establish there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254 (b)(1)(B).

Petitioner has neither alleged, nor demonstrated that he has availed himself of Florida's "appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To the extent he states counsel "failed to follow [his] instructions on appealing" his bond denial, the Court finds his rights are intact through his legal representation. (Doc. 22 at 2). Because the Florida courts have not been given a fair, full opportunity to resolve Petitioner's pretrial detention issues, this Court lacks authority to do so.

Alternatively, under the principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence are not yet final. *See Younger v. Harris*, 401 U.S. 37 (1971) (holding federal courts are required to abstain from interfering with pending state court proceedings except under certain limited exceptions). Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainright*, 714 F.2d 1495, 1503 (11th Cir. 1983). If the relief sought "would create an undue interference with state proceedings," it is generally prohibited by the *Younger* doctrine. *Green v. Jefferson County Commm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009).

The exceptions to *Younger* are very narrow and apply only if "(1) there is evidence of state proceedings motivated in bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the petitioner's constitutional issues can be raised." *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004). At best, Petitioner appears to argue the State is prosecuting him in bad faith because he is innocent of his charges. Petitioner's conclusory and vague assertion, however, is insufficient to demonstrate bad faith prosecution. *See Hudson v. Hubbard,* 358 F. App'x 116, 118 (11th Cir. 2009) (*Younger* requires that a petitioner make a "substantial allegation" showing actual bad faith) (citation omitted). Consequently, lacking extraordinary circumstances, this Court declines to interfere in the ongoing state criminal proceedings.

Accordingly, it is now

**ORDERED:**

3

1. Petitioner's Amended Petition (Doc. 22) is **DISMISSED**.

2. The Clerk of Court **DIRECTED** to enter judgment, deny as moot all pending motions, and close the case.

### CERTIFICATE OF APPEALABILITY ("COA") AND LEAVE TO FILE IN FORMA PAUPERIS

Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (citations omitted). Upon review of the record, the Court finds that Petitioner has not made the requisite showing in these circumstances. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of January 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4